NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GIAMMETTA and SHARON GIAMMETTA, <br>     Plaintiffs, <br>   v. <br><br> JAMES O'CONNOR and TOWNSHIP OF LYNDHURST, <br><br>     Defendants. | CIVIL ACTION NO. 06-900 (JAP) <br><br> **OPINION** |

APPEARANCES:

Vincenza Leonelli-Spina, Esq.
97 Lackawanna Avenue, Suite 201
Totowa, New Jersey 07512
  Attorney for Plaintiffs

David T. Pfund, Esq.
201 Littleton Road
P.O. Box 501
Morris Plains, New Jersey 07950
  Attorney for Township of Lyndhurst

Thomas B. Hanrahan, Esq.
Nicholas P. Milewski, Esq.
Thomas P. Hanrahan & Associates
80 Grand Avenue, Suite 2
River Edge, New Jersey 07661
  Attorney for Defendant James O'Connor

PISANO, District Judge.

Plaintiffs, John Giammetta and Sharon Giammetta, brought this action against James O'Connor, individually and as Chief of Police of the Township of Lyndhurst, and the Township of Lyndhurst (collectively, the "Defendants"). Defendants filed respective motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In their motions, Defendants argue that Plaintiffs' claims are barred by the doctrine of claim preclusion.

On July 27, 2006, the Court notified the parties that it intended to convert the pending motions to dismiss into motions for summary judgment. The Court explained that it wished to consider materials extraneous to the complaint, particularly the amended complaint in the action Plaintiff previously filed in the Superior Court of New Jersey, Bergen County, No. L-8941-03. *See Rycoline Products, Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (indicating that a court may resolve a Rule 12(b)(6) motion on res judicata grounds only where such is apparent on the face of the complaint); *see also Brody v. Hankin*, No. 04-1376, 145 Fed. Appx. 768, 2005 WL 2077180, at *4 (3d Cir. Aug. 29, 2005) ("While a district court may dismiss a claim on res judicata grounds on a Rule 12(b)(6) motion . . . those grounds must be evident on the face of the complaint.").

The Court gave the parties until August 21, 2006 to submit any additional documents for the Court's consideration. Defendant O'Connor provided a supplemental brief and certification. Defendant the Township of Lyndhurst joined in Defendant O'Connor's supplemental submissions. Plaintiff failed to provide any further submissions.

For the following reasons, the Court finds that Plaintiffs' claims are barred by the doctrine of claim preclusion and thus grants summary judgment in favor of Defendants.

2

I.      **Factual History**

A.      **The State Court Lawsuit**

John Giammetta, a police officer with the Lyndhurst Police Department and Sharon Giammetta, his wife, filed suit against Defendant O'Connor, the Lyndhurst Police Department, and various Lyndhurst officials in the Superior Court of New Jersey, Bergen County, Law Division, on approximately December 10, 2003. Plaintiffs apparently amended their state court complaint on or about January 7, 2004.[1] The amended complaint in the state court lawsuit alleged that the defendants:

(1)     violated the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.*, by failing to promote Mr. Giammetta based on his age, actions and/or affiliations;

(2)     violated the Conscientious Employee Protection Act, N.J.S.A. § 34: 19-1 *et seq.*, by failing to promote Mr. Giammetta because he reported incidents of vandalism to political signs during elections and reported improper conduct of certain public employees;

(3)     violated Mr. Giammetta's constitutional rights and rights pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, by subjecting Mr. Giammetta to a hostile work environment due to repeated incidents of harassment;

(4)     violated Mr. Giammetta's fundamental due process and statutory rights by failing to investigate and properly dispose of incidents which were contrary to the

---

[1] Defendant O'Connor alleges that Plaintiffs filed the state court lawsuit on December 10, 2003. The Township claims that Mr. Giammetta filed the state court lawsuit on or about January 2, 2004. Plaintiffs claim that they filed the state court lawsuit on January 7, 2004. The parties did not provide the Court with a copy of the docket sheet in the state court action and thus, the Court cannot confirm the date of filing.

However, it appears that Mr. Giammetta filed an amended complaint, which was signed on January 2, 2004, on January 7, 2004. Thus, the state court lawsuit was likely initially filed on or about December 10, 2003. Despite these discrepancies, it is immaterial to the disposition of this motion whether Mr. Giammetta initially filed the state court lawsuit on December 10, 2003, January 2, 2004, or January 7, 2004. The amended complaint filed on January 7, 2004 is the operative document and was provided to the Court.

> Lyndhurst Police Department's rules and regulations;
>
> (5) interfered with Mr. Giammetta's contractual rights and prospective economic advantage by intentionally and in bad faith failing to promote him; and
>
> (6) caused Mrs. Giammetta a loss of consortium because of the injuries sustained by Mr. Giammetta.

These claims stemmed from Plaintiffs' general factual allegations that the state court defendants subjected Mr. Giammetta to unwarranted discipline and interrogation, violated his privacy rights, made false statements about Mr. Giammetta, failed to provide him with professional support, failed to issue commendations to Mr. Giammetta, and failed to treat him like similarly situated officers.

Mr. Giammetta sought relief in the form of a promotion at the Lyndhurst Police Department and an injunction restraining Defendants from harassing, threatening, or further intimidating him. Additionally, he and his wife sought unspecified monetary damages.

On July 8, 2005, the Honorable Lawrence D. Smith, J.S.C., dismissed Plaintiffs' state court complaint *with prejudice* pursuant to New Jersey Court Rule 4:23-5(a)(2) following Plaintiffs' repeated failure to submit good faith discovery responses to Defendants' discovery requests and Plaintiffs' non-compliance with the Court's May 27, 2005 order. The Court's May 27, 2005 order had reinstated Plaintiffs' complaint after a previous dismissal without prejudice for failure to provide discovery responses and conditioned the reinstatement of Plaintiffs' complaint on their compliance with discovery procedures. Plaintiffs did not file a motion for reconsideration pursuant to Rule 4:49-2, a motion for relief from judgment or order pursuant to Rule 4:50-1, or an appeal of Judge Smith's July 8, 2005 decision pursuant to Rule 2:4-1(a).

**B.     The Federal Court Lawsuit**

Plaintiffs instead brought the instant federal lawsuit on or about February 27, 2006.[2]  In the federal lawsuit, Plaintiffs allege that:

> (1) Defendants violated Mr. Giammetta's constitutional rights and rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 by subjecting Mr. Giammetta to a hostile work environment due to repeated incidents of harassment;
>
> (2) Defendant the Township of Lyndhurst is subject to "city liability" for its failure to stop the alleged harassment of Mr. Giammetta;
>
> (3) Defendants violated Mr. Giammetta's constitutional rights under the First, Fourth, and Fourteenth Amendments; and
>
> (4) Defendants violated Mr. Giammetta's rights of free speech, equal protection and due process under the New Jersey Constitution.[3]

These claims stemmed from Plaintiffs' general factual allegations that the state court defendants subjected Mr. Giammetta to unwarranted discipline and interrogation, violated his privacy rights, made false statements about Mr. Giammetta, and failed to provide him with professional support.

Mr. Giammetta again sought relief in the form of a promotion at the Lyndhurst Police Department and an injunction restraining Defendants from harassing, threatening, or further intimidating him.  This time, Plaintiffs specified monetary damages of $5,000,000.00.

Defendants argue in the instant motions that the claims alleged in the federal complaint are barred by the doctrine of claim preclusion because they were previously adjudicated in the New Jersey state court action.

---

[2] The parties disagree on the date that Plaintiffs initiated the instant federal court lawsuit. The Township claims that the lawsuit was filed on November 17, 2005.  A review of the docket sheet in this matter indicates that the federal lawsuit was filed on February 27, 2006.

[3] Notably absent from the federal complaint is a loss of consortium count, although Sharon Giammetta is a named Plaintiff in the action.

5

**II**       **Summary Judgment Standard**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *See Celotex*, 477 U.S. at 324.

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

**III.     Legal Discussion**

Claim preclusion, also known as *res judicata*, bars parties from bringing the same law suit against the same parties in different courts.  The purpose of the doctrine is to advance "the goals of fairness, efficiency, and finality." *Watkins v. Resorts Intern. Hotel and Casino, Inc.*, 591 A.2d 592, 598 (N.J. 1991); *see also McNeil v. Legislative Apportionment Comm'n of State*, 828 A.2d 840, 858-59 (N.J. 2003).[4]  The Court applies claim preclusion to an action when the following three basic elements are met:  (1) the judgment in the prior action is valid, final, and on the merits; (2) the parties in the later action are identical to or in privity with those in the prior action; and (3) the claim in the later action stems from the same transaction or occurrence as the claim in the earlier one. *Watkins*, 591 A.2d at 599; *see also McNeil*, 828 A.2d at 859.[5]

First, as a threshold matter and although the Township of Lyndhurst is technically not named in the state court action, Plaintiffs concede that the parties in the case at bar are identical to those in the prior action.

Second, the judgment in the state court action is valid, final, and on the merits because the case was dismissed with prejudice pursuant to New Jersey Court Rule 4:23-5(a)(2).  Rule 4:37-2(d) provides that "unless the order otherwise specifies, a dismissal . . . other than a

---

[4] "[S]tate law rather than federal law determines whether a claim brought in federal court is precluded by a prior state court adjudication." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 329 (3d Cir. 2000).

[5] In New Jersey, claim preclusion is part of the "Entire Controversy Doctrine" which requires a party to bring in one action all claims it might have against another party and to join in that action all parties with a material interest in the controversy. See N.J.R. 4:30A (codifying the Entire Controversy Doctrine); Long v. Lewis, 723 A.2d 1238, 1242 (N.J. Super. Ct. App. Div. 1999) ("The claim preclusion aspect of the entire controversy doctrine is essentially res judicata by another name.").

dismissal for lack of jurisdiction, operates as an adjudication on the merits." Despite Plaintiffs' assertion to the contrary, an involuntary dismissal with prejudice pursuant to Rule 4:23-5(a)(2) constitutes a valid, final, adjudication on the merits. *See Feinsod v. Noon*, 617 A.2d 1234, 1234 (N.J. Super. Ct. App. Div. 1992) (holding that dismissal with prejudice under Rule 4:23-5(a) constitute an adjudication on the merits for res judicata purposes); *Albarran v. Lukas*, 647 A.2d 476, 478 (N.J. Super. Ct. App. Div. 1994) (holding that dismissal with prejudice under Rule 4:23-5 constitutes a final adjudication on the merits); *see also Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) ("Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial.").

Finally, Plaintiffs' claims in the federal court action arise from the same transaction or occurrence as those that were previously dismissed in the state court case. Despite Plaintiffs' efforts to try to rearrange their counts and re-frame their allegations in terms of different constitutional and statutory violations, the essence of Plaintiffs' state and federal court complaints is exactly the same. Plaintiffs allege that Mr. Giammetta's co-workers and supervisors at the Lyndhurst Police Department subjected him to harassment, false and defamatory statements, unwarranted discipline and lack of professional support; that Mr. Giammetta was denied a promotion; and that Mrs. Giammetta suffered injuries as a result of the wrongs to her husband. Plaintiffs also seek the same relief in both actions.

In fact, much of Plaintiffs' federal court complaint constitutes a mere "cut and paste" of the factual allegations underlying the state court claims. The following are some examples of Plaintiff's verbatim claims:

(1) Failure and refusal of supervisory personnel to properly investigate and review

       reports of incidents of improper conduct by co-workers, subordinates and supervisors. See State Complaint, Third Count at ¶ 2(a); Federal Complaint, First Count at ¶ 9(a);

(2)       The subjection of Plaintiff to repeated acts of unwanted interrogation and investigations for the sole purpose of harassing Plaintiff. See State Complaint, Third Count at ¶ 2(b); Federal Complaint, First Count at ¶ 9(b);

(3)       During the course of Plaintiff's employment, Plaintiff failed to receive the required support of his superiors for the proper performance of his duties. See State Complaint, Third Count at ¶ 2(g); Federal Complaint, First Count at ¶ 9(d); and

(4)       The use of baseless and false statements about Plaintiff's reputation. See State Complaint, Third Count at ¶ 2(i); Federal Complaint, First Count at ¶ 9(e).

Accordingly, Plaintiffs' claims in the instant lawsuit are barred by the doctrine of claim preclusion.

       Plaintiffs make two arguments in an attempt to save their federal court claims from dismissal. First, Plaintiffs argue that their claims are not precluded because the Defendants' alleged actions occurred after April 1, 2004, approximately four months after the state court lawsuit was filed but three months before the state court dismissed the case with prejudice.[6] This argument is without merit. In addition to matters actually determined in an earlier action,

---

[6] There is discrepancy in Plaintiffs' papers with regard to the date on which the acts alleged in the federal lawsuit began. While Plaintiffs' complaint indicates that the federal claim is based on conduct occurring after April 1, 2004, Plaintiffs' opposition papers suggest such actions began after January 7, 2004, the date that Plaintiffs filed an amended complaint in state court. The factual discrepancy is not material to legal issue presented. In any event, the Court uses April 1, 2004 dated cited in the complaint as the operative date because it will not consider claims raised for the first time in opposition papers to the instant motion. *Commw. of Pa. Ex. Rel Zimmerman v. PepsiCo., Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) (" '[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' " (quotations omitted)).

9

claim preclusion applies to all relevant matters that *could* have been so determined. *Watkins*, 591 A.2d at 599; *McNeil*, 828 A.2d at 859. Thus, the Supreme Court of New Jersey made clear that if "under various theories, a litigant seeks to remedy a single wrong, then that litigants should present all theories in the first action." *Watkins*, 591 A.2d at 599.

Plaintiffs not only could have sought to amend their state court complaint to assert these claims in their proper forum, *see* N.J.R. 4:9-4 ("On motion by a party the court may upon reasonable notice and on terms, permit that party to serve a supplemental pleading setting forth transactions or occurrences which took place after the date of the pleading sought to be supplemented."), but they were under an obligation to do so, *see Brown v. Brown*, 506 A.2d 29, 34 (N.J. Super. Ct. App. Div. 1986) (stating that if "during the pendency of the litigation, a claim arises which is part of the entire controversy, the claimant must seek leave pursuant to R. 4:9-4 to file a supplemental pleading"). Therefore, Plaintiffs' claims are precluded.

Second, Plaintiffs attempt to supplement their allegations in the instant action in an Affidavit of Mr. Giammetta filed shortly after their opposition brief was filed. In his Affidavit, Mr. Giammetta makes allegations of conduct on the part of Defendants which allegedly occurred after the state court action was dismissed on July 8, 2005. Such claims include political retaliation for not supporting the Guida political ticket,[7] embarrassment and humiliation based on the dismissal of the state court action, and continued harassment in the form alleged in the previous complaint. The Court will not consider these after-the fact allegations which were not

---

[7] Defendants contend that the mayoral election involving Mr. Guida occurred during the pendency of the state court lawsuit in May of 2005. The Court need not resolve this dispute because it refuses to consider this allegation for the reasons discussed above.

pleaded in Plaintiffs' complaint. *See Commw. of Pa. Ex. Rel Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (" '[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' " (quotations omitted)); *Marks v. Struble*, 347 F. Supp. 2d 136, 148 (D.N.J. 2004) (refusing to consider allegations made for the first time in response to the defendants' motion to dismiss in resolving Rule 12(b)(6) motion); *see also Parastino v. Conestoga Tel. & Tel. Co.,* No. Civ.A. 99-679, 1999 WL 636664, at *2 (E.D. Pa. Aug. 18, 1999) (refusing to consider new factual allegations made for the first time in response to a motion to dismiss because "new factual allegations made in the parties' legal memoranda may not be considered in resolution of a 12(b)(6) motion to dismiss.").

As Plaintiff's entire claim is barred by the doctrine of claim preclusion, the Court finds that there is no genuine issue of material fact which warrants a trial on this matter; thus, the Court grants summary judgment in favor of Defendants.

Date:   August 24, 2006                                        /s/ JOEL A. PISANO
                                                               United States District Judge

Original:    Clerk
cc:          Judge Hughes
             All Parties
             File